**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

EASTERN District of VIRGINIA
(State)

Case number (If known): _____ Chapter 11



FILED
FRONT COUNTER
2021 SEP 14 PM 1:01
US BANKRUPTCY CLERK
ALEXANDRIA COURT
DIVISION

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  SP TRUCKING LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  20-0040043

4. **Debtor's address**

   **Principal place of business**

   7140   Taylor Road
   Number   Street

   FALLS CHURCH   VA   22043
   City   State   ZIP Code

   FAIRFAX COUNTY
   County

   **Mailing address, if different from principal place of business**

   Number   Street

   P.O. Box

   City   State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number   Street

   City   State   ZIP Code

5. **Debtor's website (URL)**  _____

Debtor _____   Case number *(if known)* _____
      Name

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☑ None of the above

   B. *Check all that apply:*

   ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   **4 8 4 2**

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☑ Chapter 11. *Check all that apply*:

     ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

Debtor _____      Case number (if known) _____
      Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☐ No
   ☑ Yes.  District __EASTERN__  When __04/04/2018__  Case number __18-11185__
                                             MM / DD / YYYY

              District _____  When _____  Case number _____
                                                 MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☑ No
    ☐ Yes.  Debtor _____  Relationship _____
            District _____  When _____
                                                  MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this* district?**

    Check all that apply:

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

          **Why does the property need immediate attention?** *(Check all that apply.)*

          ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
              What is the hazard? _____

          ☐ It needs to be physically secured or protected from the weather.

          ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

          ☐ Other _____

          **Where is the property?** _____
                                  Number      Street

                                  _____
                                  City                          State ZIP Code

          **Is the property insured?**
          ☐ No
          ☐ Yes. Insurance agency _____
                 Contact name _____
                 Phone _____

**Statistical and administrative information**

Debtor _____    Case number (if known)_____
          Name

| 13. Debtor's estimation of available funds | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|

| 14. Estimated number of creditors | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☑ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. Estimated liabilities | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☑ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/14/2021
               MM / DD / YYYY

X _____          SAMUEL PALOMINO
Signature of authorized representative of debtor      Printed name

Title  Owner

Debtor _____    Case number (*if known*)_____
       Name

**18. Signature of attorney**    ✗ _____    Date    _____
       Signature of attorney for debtor    MM  / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____    _____    _____
City    State    ZIP Code

_____    _____
Contact phone    Email address

_____    _____
Bar number    State

**Fill in this information to identify the case:**

Debtor name: SP TRUCKING LLC

United States Bankruptcy Court for the: Eastern District of Virginia
(State)

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders   12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Internal Revenue Service<br>7980 Quantum Drive<br>suite 3153<br>Vienna, VA 22182-4015 | 703-336-4227 | debt | disputed | | | 76,227.75 |
| 2 | Virginia Department of Motor Vehicles<br>Motor Carrier Services<br>P. O. Box 27412<br>Richmond, VA 23269 | 804-249-5130 | debt | disputed | | | 23,500.00 |
| 3 | Fairfax County DTA<br>12000 Government Center Parkway<br>Suite 223<br>Fairfax, VA 22035 | 703-222-8234 | debt | disputed | | | 28,333.60 |
| 4 | AMERICAN EXPRESS<br>PO BOX 20020<br>COLUMBUS, OH 43220 | 833-283-7485 | debt | disputed | | | 26,949.14 |
| 5 | CAPITAL ONE, N.A.<br>PO BOX 9033<br>MELVILLE, NY 11747 | 800-655-2265 | debt | disputed | | | 13,162.32 |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor _____    Case number *(if known)*_____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 2

Internal Revenue Service

7980 Quantum Drive

suite 3153

Vienna, VA 22182-4015

703-336-4227


Virginia Department of Motor Vehicles

Motor Carrier Services

P. O. Box 27412

Richmond, VA 23269

804-249-5130


Fairfax County DTA

12000 Government Center Parkway

Suite 223

Fairfax, VA 22035

703-222-8234


AMERICAN EXPRESS

PO BOX 20020

COLUMBUS, OH 43220

833-283-7485


CAPITAL ONE, N.A.

PO BOX 9033

MELVILLE, NY 11747

800-655-2265

# OPERATING AGREEMENT
# OF
# S.P. TRUCKING, LIMITED LIABILITY COMPANY (LLC)

## A Commonwealth of Virginia LIMITED LIABILITY COMPANY

THIS OPERATING AGREEMENT ("AGREEMENT") is entered into the 2nd day of May, 2003, by and between the following persons:

*Samuel Palomino – Managing Member/Principal*

Hereinafter, ("Members" or "Parties").

FOR VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant, contract and agree as follows:

## ARTICLE I
## FORMATION OF LIMITIED LIABILITY COMPANY

Formation of LLC. The parties have formed a limited liability company named *S.P. Trucking, LLC* ("LLC"). The operation of the LLC shall be governed by the terms of this Agreement and the applicable laws of the Commonwealth of Virginia relating to the formation, operation, and taxation of a LLC. The Parties intend that the LLC shall be taxed as an Corporation. Any provisions of this Agreement, if any, that may cause the LLC not to be taxed as an Corporation shall be inoperative.

1. Articles of Organization. The Member(s) acting through one of its Member(s), *Samuel Palomino*, filed Articles of Organization, ("Articles") for record in the offices of the Commomwealth of Virginia, thereby creating the LLC.

2. Business. The business of the LLC shall be:

Hauling/Transportation

And

a)  To conduct or promote any lawful businesses or purposes within the State or any other jurisdiction which a limited liability company is legally allowed to conduct or promote.

3.  <u>Registered Office and Registered Agent.</u> The registered office and place of business of the LLC shall be ***7140 Taylor Road, Falls Church, VA  22043*** and the registered agent at such office shall be ***Samuel Palomino***, resident of the Commonwealth of Virginia and Managing member of Company. The Members may change the registered office and/or registered agent from time to time.

4.  <u>Duration.</u>  The LLC will commence business as of the date of filing and will continue in perpetuity.

5.  <u>Fiscal Year.</u>  The LLC's fiscal and tax year shall end ***December 31***.

## ARTICLE II
## MEMBERS

6.  <u>INITIAL MEMBERS.</u> The initial members of the LLC, their initial capital contributions, and their percentage interest in the LLC are:

| Initial Members | Percentage Interest in LLC | Capital Contribution |
|---|---|---|
| ***Samuel Palomino*** | ***100%*** | ***100%*** |

7.  <u>Additional Members.</u> New members may be admitted only upon the consent of a majority of the Members and upon compliance with the provisions of this agreement.

## ARTICLE III
## MANAGEMENT

8.  <u>Management.</u>  The Members have elected to manage the LLC as follows (check as appropriate):

[   ]  The management of the LLC shall be vested in the Members without an appointed manager. The members shall elect officers who shall manage the company. The Principal and Secretary may act for and on behalf of the LLC and shall have the power and authority to bind the LLC in all transactions and business dealings of any kind except as otherwise provided in this Agreement.

[ X ]   The Member(s) hereby delegate the management of the LLC to Manager(s), subject to the limitations set out in this agreement.

    a)   The Member(s) shall elect and may remove the Manager(s) by majority vote.

    b)   A Manager shall serve until a successor is elected by the Member(s).

    c)   The Manager(s) shall have the authority to take all necessary and proper actions in order to conduct the business of the LLC.

    d)   Except for decisions concerning distributions, any Manager can take any appropriate action on behalf of the LLC, including, but not limited to signing checks, executing leases, and signing loan documents.

    e)   In determining the timing and total amount of distributions to the Members, the action of the manager shall be based on a majority vote of the Managers, with or without a meeting.

    f)   The compensation to the Manager(s) shall be in the discretion of the majority of the Members of the LLC.

    g)   There shall be _2_ initial Manager(s).

    h)   The initial Manager(s) is/are:

*__Samuel Palomino – Managing Member/Principal__*
*__Erick Palomino – Operations Manager__*

9.   <u>Officers and Relating Provisions.</u>   In the event the Member(s) elect to manage the LLC, rather than appointing a manager, the Member(s) shall appoint officers for the LLC and the following provisions shall apply:

(a)   <u>Officers.</u>   The officers of the LLC shall consist of a principal, a treasurer and a secretary, or other officers or agents as may be elected and appointed by the Member(s). A Member may hold more than one or all offices. The officers shall act in the name of the LLC and shall supervise it's operation under the direction and management of the Members, as further described below.

(b)   <u>Election and Term of Office.</u>   The officers of the LLC shall be elected annually by the Members by a majority vote. Vacancies may be filled or new offices created and filled at any meeting of the Members. Each officer shall hold office until his/her death, until he/she shall resign, or until he/she is removed from office. Election or appointment of an officer or agent shall not of itself create a contract right.

(c)   <u>Removal</u>.   Any officer or agent may be removed by a majority of the Members whenever they decide that the best interests of the Company would be served thereby. Such removal shall be without prejudice to the contract rights, if any, of the person so removed.

(d) <u>Vacancies.</u> A vacancy is any office because of death, resignation, removal, disqualification or otherwise may be filled by the Members for the unexpired portion of the term.

(e) <u>Principal.</u> The Principal shall be the chief executive officer of the LLC and shall preside at all meetings of the Members. The Principal shall have such other powers and perform such duties as are specified in this Agreement and as may from time to time be assigned by the Members of the LLC.

(f) <u>The Treasurer.</u> The Treasurer shall be the chief financial officer of the LLC. The Treasurer shall not be required to give a bond for the faithful discharge of his/her duties. The Treasurer shall: (i) have charge and custody of and be responsible for all funds and securities of the LLC; (ii) in the absence of the Principal, preside at meetings of the Members; (iii) receive and give receipts for moneys due and payable to the LLC from any source whatsoever, and deposit all such moneys in the name of the LLC in such banks, trust companies or other depositaries as shall be selected by the Members of the LLC; and (iv) in general perform all the duties incident to the office of treasurer and such other duties as from time to time may be assigned by the Principal or by the Members of the LLC.

(g) <u>Secretary.</u> The secretary shall: (i) keep the minutes of the Members meetings in one or more books provided for that purpose; (ii) see that all notices are duly given in accordance with the provisions of this Agreement or as required by law: (iii) be custodian of LLC records; (iv) keep a register of the post office address of each Member; (v) certify the Member's resolutions; and other documents to the LLC as true and correct; (vi) in the absence of the Principal and Treasurer, preside at meetings of the Members and (vii) in general perform all duties incident to the office of secretary and such other duties as from time as may be assigned by the Principal or the Members.

10. <u>Member Only Powers.</u> Notwithstanding any other provision of this Agreement, only a majority of the Members may: (a) sell or encumber (but not lease) any real estate owned by the LLC, or (b) incur debt, expend funds, or otherwise obligate the LLC if the debt, expenditure, or other obligation exceeds _____.

## ARTICLE IV
## CONTRIBUTIONS, PROFITS, LOSSES, AND DISTRIBUTIONS

11. <u>Interest of Members.</u> Each Member shall own a percentage interest (sometimes referred to as a share) in the LLC. The Member's percentage interest shall be base on the amount of cash or other property that the Member has contributed to the LLC and that percentage interest shall control the Member's share of the profits, losses, and distributions of the LLC.

12. <u>Contributions.</u> The initial contributions and initial percentage interest of the members are as set out in this Agreement.

13. <u>Additional Contributions.</u> Only a majority of the Members of the LLC may call on the Members to make additional cash contributions as may be necessary to carry on the LLC's business. The amount of any additional cash contribution shall be based on the member's then existing percentage interest. To the extent a Member is unable to meet a cash call, the other members can contribute the unmet call on a pro rata basis based on the Members' percentage interests at that time, and the percentage interest of each Member will be adjusted accordingly.

14. <u>Record of Contributions/Percentage Interests.</u> This Agreement, any amendment(s) to this Agreement, and all Resolutions of the Members of the LLC shall constitute the record of the Members of the LLC and of their respective interest therein.

15. <u>Profits and Losses.</u> The profits and losses and all other tax attributes of the LLC shall be allocated among the Members on the basis of the Members' percentage interests in the LLC.

16. <u>Distributions.</u> Distributions of cash or other assets of the LLC (other than in dissolution of the LLC) shall be made in the total amounts and at the times as determined by a majority of the Members. Any such distributions shall be allocated among the Members on the basis of the Members' percentage interests in the LLC.

17. <u>Change in Interests.</u> If during any year there is a change in a member's percentage interest, the Member's share of profits and losses and distributions in that year shall be determined under a method which takes into account the varying interest during the year.

## ARTICLE V
## VOTING, CONSENT TO ACTION

18. <u>Voting by Members.</u> Members shall be entitled to vote on all matters which provide for a vote of the Members in accordance with each member's percentage interest.

19. <u>Majority Required.</u> Except as otherwise provided and delegated to the Officers or Managers, a majority of the Members, based upon their percentage ownership, is required for any action.

20. <u>Meetings- Written Consent.</u> Action of the Members or Officers may be accomplished with or without a meeting. If a meeting is held, evidence of the action shall be by Minutes or Resolution reflecting the action of the Meeting, signed by a majority of the Members, or the Principal and Secretary. Action without a meeting may be evidenced by a written consent signed by a majority of the Members, or the Principal and Secretary.

21. <u>Meetings.</u> Meetings of the Members may be called by any Member owning 51% or more of the LLC, or, if Managers were selected, by any Manager of the LLC, or if Officers were elected, by any officer.

22. <u>Majority Defined.</u> As used throughout this agreement the term "Majority" of the Members shall mean a majority of the ownership interest of the LLC as determined by the records of the LLC on the date of the action.

## ARTICLE VI
## DUTIES AND LIMNITATION OF LIABILITY MEMBERS, OFFICERS, AND PERSONS SERVING ON ADVISORY COMMITTEES; INDEMNIFICATION

23. <u>Duties of Members; Limitation of Liability.</u> The Members, Managers and officers shall perform their duties in good faith, in a manner they reasonably believe to be in the best interests of the LLC, and with such care as an ordinarily prudent person in a like position would use under similar circumstances. No Member or officer, by reason of being or having been a Member or officer, shall be liable to the LLC or to any other Member or officer for any loss or damage sustained by the LLC or any other Member or officer unless the loss or damage shall have been the result of fraud, deceit, gross negligence, willful misconduct, or a wrongful taking by that Member or officer.

24. <u>Members Have No Exclusive Duty to LLC.</u> The Members shall not be required to participate in the LLC as their sole and exclusive business. Members may have other business interests and may participate in other investments or activities in addition to those relating to the LLC. No Member shall incur liability to the LLC or to any other Member by reason of participating in any such other business, investment or activity.

25. <u>Protection of Members and Officers.</u>

    (a) As used herein, the term "Protected Party" refers to the Members and officers of the Company.

    (b) To the extent that, at law or in equity, a Protected Party has duties (including fiduciary duties) and liabilities relating thereto to the LLC or to any other Protected Party, a Protected party acting under this agreement shall not be liable to the LLC or to any other Protected Party for good faith reliance on:

        (i) the provisions of this Agreement;
        (ii) the records of the LLC; and/or
        (iii) such information, opinions, reports or statements presented to the LLC by any person as to matters the Protected Party reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the LLC.

(c) The provisions of this Agreement, to the extent that they restrict the duties and liabilities of a Protected Party to the LLC or to any other Protected Party otherwise existing at law or in equity, are agreed by the parties hereto to replace such other duties and liabilities of such Protected Party.

26. <u>Indemnification and Insurance.</u>

(a) <u>Right to Indemnification</u>

(i) Any person who is or was a member or officer of the LLC and who is or may be a party to any civil action because of his/her participation in or with the LLC, and who acted in good faith and in a manner which he/she reasonably believed to be in, or not opposed to, the best interests of the LLC may be indemnified and held harmless by the LLC.

(ii) Any person who is or was a member or officer of the LLC and who is or may be a party to any criminal action because of his/her participation in or with the LLC, and who acted in good faith and had reasonable cause to believe that the act or omission was lawful, may be indemnified and held harmless by the LLC.

(b) <u>Advancement of Expenses.</u> Expenses (including attorney's fees) incurred by an indemnified person in defending any proceeding shall be paid in advance of the proceedings conclusion. Should the indemnified member or officer ultimately be determined to not be entitled to indemnification, that member or officer agrees to immediately repay to LLC all funds expended by the LLC on behalf of the member or officer.

(c) <u>Non-Exclusivity of Rights</u>. The right to indemnification and payment of fees and expenses conferred in this section shall not be exclusive of any right which any person may have or hereafter acquire under any statute, provision of this Agreement, contract, agreement, vote of Members or otherwise. The Members and officers are expressly authorized to adopt and enter into indemnification agreements for Members and officers.

(d) <u>Insurance.</u> The Members may cause the LLC to purchase and maintain insurance for the LLC, for its Members and officers, and/or on behalf of any third party of parties whom the members might determine should be entitled to such insurance coverage.

(e) <u>Effect of Amendment.</u> No amendment, repeal or modification of this Article shall adversely affect any rights there under with respect to any action or omission occurring prior to the date when such amendment, repeat or modification became effective.

## ARTICLE VI
## MEMBERS INTEREST TERMINATED

27. <u>Termination Of Membership.</u> A Member's interest in the LLC shall cease upon the occurrence of one or more of the following events:

(a) A Member provided notice of withdrawal to the LLC thirty (30) days in advance of the withdrawal date. Withdrawal by a Member is not a breach of this Agreement.

(b) A Member assigns all of his/her interest to a qualified third party.

(c) A Member dies.

(d) There is an entry of an order by a court of competent jurisdiction adjudicating the Member incompetent to manage his/her person or his/her estate.

(e) In the case of an estate that is a Member, the distribution by the fiduciary
Of the estate's entire interest in the LLC.

(f) A Member, without the consent of a majority of the Members: (1) makes an assignment for the benefit of creditors; (2) files a voluntary petition in bankruptcy;   (3) is adjudicated a bankrupt or insolvent; (4) files a petition or answer seeking for himself any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statue, law or regulation; (5) files an answer or other pleading admitting or failing to contest the material allegations of a petition filed against him in any proceeding of the nature described in this paragraph; (6) seeks, consents to, or acquiesces in the appointment of a trustee, receiver, or liquidator of the Member or of all or any substantial part of his properties; or (7) if any creditor permitted by law to do so should commence foreclosure or take any other action to seize or sell any Member's interest in the LLC.

(g) If within one hundred twenty (120) days after the commencement of any action against a Member seeking reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any statue, law, or regulation, the action has not been dismissed and/or has not been consented to by a majority of the members.

(h) If within ninety (90) days after the appointment, without a member's consent or acquiescence, of a trustee, receiver, or liquidator of the Member or of all or any substantial part of the member's properties, said appointment is not vacated or within ninety (90) days after the expiration of any stay, the appointment is not vacated and/or has not been consented to by a majority of the members.

    (i) Any of the event provided in applicable code provisions that are not inconsistent with the dissociation events identified above.

28. <u>Effect of Dissociation.</u> Any dissociated Member shall not be entitled to receive the fair value of his LLC interest solely by virtue of his dissociation. A dissociated Member that still owns an interest in the LLC shall be entitled to continue to receive such profits and losses, to receive such distribution or distributions, and to receive such allocations of income, gain, loss, deduction, credit or similar items to which he would have been entitled if still a Member. For all other purposes, a dissociated Member shall no longer be considered a Member and shall have no rights of a Member.

## ARTICLE VII
## RESTRICTIONS OR TRANSFERABILITY OF LLC INTEREST; SET PRICE FOR LLC INTEREST

29. <u>LLC Interest.</u> The LLC interest is personal property. A Member has no interest in property owned by the LLC.

30. <u>Encumbrance.</u> A Member can encumber his LLC interest by a security interest or other form of collateral only with the consent of a majority of the other Members. Such consent shall only be given if the proceeds of the encumbrance are contributed to the LLC to respond to a cash call of the LLC.

30. <u>Sale Of Interest.</u> A Member can sell his LLC interest only as follows:

    (a) If a Member desires to sell his/her interest, in whole or in part, he/she shall give written notice to the LLC of his desire to sell all or part of his/her interest and must first offer the interest to the LLC. The LLC shall have the option to buy the offered interest at the then existing Set Price as provided in this Agreement. The LLC shall have thirty (30) days from the receipt of the assigning Member's notice to give the assigning Member written notice of its intention to buy all, some, or none of the offered interest. The decision to buy shall be made by a majority of the other Members. Closing on the sale shall occur within sixty (60) days from the date that the LLC gives written notice of its intention to buy. The purchase price shall be paid in cash at closing unless the total purchase price is in excess of <u>$1M</u> in which event the purchase price shall be paid in <u>four (4)</u> equal quarterly installments beginning with the date of closing. The installment amounts shall be computed by applying the following interest factor to the principal amount: interest compounded quarterly at the Quarterly Federal Short-Term Rate existing at closing under the Applicable Federal Rates used for purposes of Internal Revenue Code 1 274(d), or any successor provision.

    (b) To the extent the LLC does not buy the offered interest of the selling Member, the other Members shall have the option to buy the offered interest at the Set Price on a pro rata basis

based on the Members' percentage interests at that time. If Member does not desire to buy up to his/her proportional part, the other Members can buy the remaining interest on the same pro rata basis. Members shall have fifteen (15) days from the date the LLC gives its written notice to the selling Member to give the selling Member notice in writing of their intention to buy all, some, or none of the offered interest. Closing on the sales shall occur within sixty (60) days from the date that the Members give written notice of their intention to buy. The purchase price from each purchasing Member shall be paid in cash at closing.

(c)  To the extent the LLC or the Members do not buy the offered interest, the selling Member can then assign the interest to a non-member. The selling Member must close on the assignment within ninety (90) days of the date that he/she gave notice to the LLC. If he/she does not close by that time, he/she must again give the notice and options to the LLC and the LLC Members before he/she sells the interest.

(d)  The selling Member must close on the assignment within ninety (90) days of the date that he/she gave notice to the LLC. If he/she does not close by that time, he/she must again give the notice and options to the LLC and the LLC Members before he sells the interest.

(e)  A non-member purchaser of a member's interest cannot exercise any rights of a Member unless a majority of the non-selling Members consent to him/her becoming a Member. The non-member purchaser will be entitled, however, to share in such profits and losses, to receive such distributions, and to receive such allocation of income, gain, loss, deduction, credit or similar items to which the selling member would be entitled, to the extent of the interest assigned, and will be subject to calls for contributions under the terms of this Agreement. The purchaser, by purchasing the selling member's interest, agrees to be subject to all the terms of the Agreement as if he were a Member.

31.  Set Price. The Set Price for purposes of this Agreement shall be the price fixed by consent of a majority of the Members. The Set Price shall be memorialized and made a part of the LLC records. The initial Set Price for each Member's interest is the amount of the Member's contribution(s) to the LLC as provided above, as updated in accordance with the terms hereof. Any future changes in the Set Price by the Members shall be based upon net equity in the assets of the LLC (fair market value of the assets less outstanding indebtedness), considering the most recent appraisal obtained by the LLC for its assets, as may be adjusted by the Members in their discretion. The initial Set Price shall be adjusted upon demand by a Member but not more than once a year unless all Members consent. This basis for determining the Set Price shall remain in effect until changed by consent of a majority of the Members. The Members will consider revising the basis for determining the Set Price at least annually.

## ARTICLE VIII
## OBLIGATION TO SELL ON DISSOCIATION
## EVENT CONCERNING A MEMBER

32.    <u>Dissociation.</u> Except as otherwise provided, upon the occurrence of a dissociation event with respect to a Member, the LLC and the remaining Members shall have the option to purchase the dissociated Member's interest at the Set Price in the same manner as provided in ARTICLE VII and as if the dissociated Member had notified the LLC of his desire to sell all of his LLC interest. The date the LLC received the notice as provided in ARTICLE VII triggering the options shall be deemed to be the date that the LLC receives actual notice of the dissociation event.

## ARTICLE IX
## DISSOLUTION

33.    <u>Termination of LLC.</u> The LLC will be dissolved and its affairs must be wound up only upon the written consent of a majority of the Members.

34.    <u>Final Distributions.</u> Upon the winding up of the LLC, the assets must be distributed as follows: (a) to the LLC creditors; (b) to Members in satisfaction of liabilities for distributions; and (c) to Members first for the return of their contributions and secondly respecting their LLC interest, in the proportions in which the Members share in profits and losses.

## ARTICLE X
## TAX MATTERS

35.    <u>Capital Accounts.</u>    Capital accounts shall be maintained consistent with Internal Revenue Code 704 and the regulations there under.

36.    <u>Election.</u>    The Members elect that the LLC be taxed as a <u>Individual/Partnership</u> and not as a <u>Corporation</u>.

## ARTICLE XI
## RECORDS AND INFORMATION

37.    <u>Records and Inspection.</u> The LLC shall maintain at its place of business the Articles of Organization, any amendments thereto, this Agreement, and all other LLC records required to be kept by the Act, and the same shall be subject to inspection and copying at the reasonable request, and the expense, of any Member.

38.     <u>Obtaining Addition Information.</u>  Subject to reasonable standards, each member may obtain from the LLC from time to time upon reasonable demand for any purpose reasonably related to the Member's interest as a member in the LLC: (1) information regarding the state of the business and financial condition of the LLC; (2) promptly after becoming available, a copy of the LLC's federal, state, and local income tax returns for each year; and (3) other information regarding the affairs of the LLC as is just and reasonable.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

39.     <u>Amendment.</u>  Except as otherwise provided in this Agreement, any amendment to this Agreement may be proposed by a Member.  Unless waived by the Members, the proposing Member shall submit to the Members any such proposed amendment together with an opinion of counsel as to the legality of such amendment and the recommendation of the Member as to its adoption.  A proposed amendment shall become effective at such time as it has been approved in writing by a majority of the Members.  This Agreement may not be amended nor may any rights hereunder be waived except by an instrument in writing signed by the party sought to be charged with such amendment or waiver, except as otherwise provided in this Agreement.

40.     <u>Applicable Law.</u>  To the extent permitted by law, this Agreement shall be construed in accordance with and governed by the laws of the <u>Commonwealth of Virginia</u>.

41.     <u>Pronouns, Etc.</u>  References to a Member or Manager, including by use of a pronoun, shall be deemed to include masculine, feminine, singular, plural, individuals, partnerships or corporations where applicable.

42.     <u>Counterparts.</u>  This instrument may be executed in any number of counterparts each of which shall be considered an original.

43.     <u>Specific Performance.</u>  Each Member agrees with the other Members that the other Members would be irreparably damaged if any of the provisions of this Agreement are not performed in accordance with their specific terms and that monetary damages would not provide an adequate remedy in such event.  Accordingly, it is agreed that, in addition to any other remedy to which the non-breaching Members may be entitled, at law or in equity, the non-breaching Members shall be entitled to injunctive relief to prevent breaches of this Agreement and, specifically, to enforce the terms and provisions of this Agreement in any action instituted in any court of the United States or any state thereof having subject matter jurisdiction thereof.

44.     <u>Further Action.</u>  Each Member, upon the request of the LLC, agrees to perform all further acts and to execute, acknowledge and deliver any documents which may be necessary, appropriate, or desirable to carry out the provisions of this Agreement.