IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| S.P. TRUCKING, LLC, ) | CASE NO. 21-11576-BFK |
| ) | |
| Debtor. ) | |
| _____ ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| S.P. TRUCKING, LLC, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO MODIFY THE AUTOMATIC STAY

The United States of America moves the Court for an order that the automatic stay be modified to allow the United States to obtain funds attached pursuant to pre-petition Internal Revenue Service (IRS) levies. The United States asserts as follows in support of this motion.

### PRELIMINARY STATEMENT

The Debtor is a serial filer: this case is its fourth case since 2018. In all of its previous cases the Debtor failed to expend minimal effort to consummate a successful reorganization. Each bankruptcy has been dismissed because the Debtor failed to meet the basic requirements of the Bankruptcy Code (such as filing statements, schedules and hiring an attorney). The latest case was dismissed with prejudice upon a finding of bad faith.

Robert K. Coulter
Assistant United States Attorney
VSB: 42512
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3745
Counsel for the United States of America

This bankruptcy case is no different. The petition was filed shortly after the United States served a Notice of Levy in an effort to collect a large amount of delinquent withholding taxes. The current bankruptcy was not filed in good faith. The Debtor is simply seeking to forestall collection efforts for a fourth time. The United States respectfully requests that the Court lift the automatic stay to allow it to continue its levy upon Debtor.

## STATEMENT

1. IRS records show that S.P. Trucking LLC, has failed, refused or neglected to pay its Federal withholding tax liabilities for various taxable periods starting in 2016.

2. As a result, prior to the filing of the Debtor's bankruptcy petition, the Internal Revenue Service ("Service or IRS") made assessments against the Debtor for unpaid withholding tax liabilities and recorded Notices of Federal Tax Lien in the land records for Fairfax County, Virginia, Prince William County, Virginia, and the Virginia State Corporation Commission.

3. On or about September 3, 2021, Internal Revenue served notices of levy on accounts receivable owed to the Debtor and a bank account owned by the Debtor. No funds have been turned over to the United States in response to the levies. Upon information and belief, levies were served upon entities holding approximately $39,000 belonging to the Debtor.

**4.** On September 14, 2021, the Debtor, acting pro se, filed a petition in bankruptcy under Chapter 11 in the present proceeding. By Notice filed September 17, 2021, the Clerk advised the Debtor that it had failed to file all schedules, a statement of financial affairs, a summary of assets and liabilities and certain statistical information. The Notice advised the Debtor that the missing documents were due on or before September 28, 2021. Dkt. No. 13. By Order entered on September 15, 2021, the Court scheduled a hearing for October 5, 2021, for

2

the Debtor to show cause, if any, why this case should not be dismissed for lack of counsel for a corporate entity. Dkt. No. 4. The first meeting of creditors is scheduled for October 14, 2021. The Chapter 11 list of creditors filed by the Debtor shows 5 creditors: Internal Revenue Service, Virginia Department of Motor Vehicles, Fairfax County, American Express and Capital One, N.A.

5. The Internal Revenue Service has filed a proof of claim ("claim") in this proceeding asserting tax liabilities in the total amount of $93,209.37. Of this amount, $74,980.36 is asserted to be a secured claim, $17,898.97 is asserted to be a priority claim and $330.04 is asserted to be a general unsecured claim. As is set forth on the claim, the $74,980.36 is secured by Notices of Federal Tax Lien filed with the State Corporation Commission, the Circuit Court for Fairfax County, and the Circuit Court for Prince William County. The priority claim of $17,898.97 is largely estimated as the Debtor has failed to file Form 941 tax returns for all four quarterly periods of 2019, all four quarterly periods of 2020 and the third quarter of 2021. In addition, the Debtor has filed to file Form 940 tax returns for the periods ending December 31, 2019, and December 31, 2020.[1]

---

1 The tax periods, assessment dates and lien filing dates and locations are set forth on Proof of Claim 1-1 filed by the Internal Revenue Service in this proceeding.

6.  The Debtor has filed three previous Chapter 11 bankruptcies. As explained by the chart below, each one of these bankruptcies has been dismissed:

| Case No. | Date Filed | Date Dismissed | Reason for Dismissal |
| --- | --- | --- | --- |
| 18-11185 | 4/14/2018 | 5/4/18 | Case dismissed due to the Debtor's failure to file required schedules and statements. |
| 18-13386 | 10/10/18 | 12/13/18 | Case dismissed with prejudice to re-filing under any chapter of the Bankruptcy for a period of 180 days. USTO noted failure to file schedules and statements and to have counsel. |
| 19-10521 | 2/19/19 | 3/21/19 | Case dismissed with prejudice upon a finding of bad faith. |

The Debtor has not taken any meaningful steps to complete any of its prior bankruptcies. All the prior bankruptcies were dismissed before the filing of complete schedules, before a plan was confirmed and before counsel entered an appearance.

ARGUMENT

A.  Governing Bankruptcy Provision.

11 U.S.C. §362(d)[2]/ provides, *inter alia*, as follows

(d)   On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

---

[2]/ Unless otherwise stated, all references to statutory authority are to those contained in Title 11 U.S.C.

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section if –

    a. the debtor does not have any equity in such property and
    b. such property is not necessary to an effective reorganization.

The Bankruptcy Code requires the movant to bear the burden of proving the debtor's equity in the property and requires the debtor to bear the burden on all other issues. 11 U.S.C., §362(g); *Principal Mutual Life Insurance Company v. Lakeside Associates (In re DeLuca)*, 194 B.R. 797 (Bankr. E.D. Va. 1996)(Mitchell, J.).

B. <u>The IRS Holds Tax Liens Upon the Funds Levied.</u>

As set forth above, the IRS made assessments and filed Notices of Federal Tax Liens against S.P. Trucking, LLC prior to the petition date. Pursuant to Title 26 U.S.C., Section 6321, the Internal Revenue Service has a lien on all funds levied upon. Section 6321 of Title 26 establishes "a lien in favor of the United States upon all property and rights to property, whether real or personal" belonging to a taxpayer. The federal tax lien attaches to all property owned by the taxpayer at the time the lien arises, and to all other property thereafter acquired by the taxpayer. *Glass City Bank v. United States*, 326 U.S. 265, 268 (1945) ("the lien applies to property owned by the delinquent at any time during the life of the lien"). *Accord, United States v. McDermott*, 113 S. Ct. 1526 (1993). Pursuant to 26 U.S.C. §6323 and Va. Code § 55 - 142.1, the Internal Revenue Service perfected its liens as to third parties by filing them with the recording authorities for Fairfax County and Prince William County, Virginia and with the State Corporation Commission.

Because the federal tax lien is not self-executing, however, the IRS is empowered by Congress to take affirmative action to enforce collection of its unpaid tax. One of the tools available to the IRS for collection is its statutory levy authority. *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350 (1977) (noting that existence of the levy power is "an essential part of our self-assessment tax system"); *United States v. Sullivan*, 333 F.2d 100, 116 (3rd Cir. 1964) (levy is "a method of self-help authorized by statute which provides the Commissioner with a prompt and convenient method for satisfying delinquent tax claims").

26 U.S.C. § 6331, the levy provision of Internal Revenue Code, provides that, "[i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax * * * by levy upon all property and rights to property * * * belonging to such person or on which there is a federal tax lien." A levy, which includes "the power of distraint and seizure by any means" (11 U.S.C., Sec. 6331(b)), is an administrative remedy and does not require any judicial intervention. *United States v. Rodgers*, 461 U.S. 677, 682 (1983).

C. <u>Cause Exists to Grant Relief from Stay</u>.

The United States seeks relief from the automatic stay to permit it to obtain the funds levied upon prepetition. Under § 362(d)(1), upon request of a party in interest, a court shall grant relief from stay "by terminating, annulling, modifying or conditioning" the automatic stay "for cause, *including the lack of adequate protection of an interest in property of such party in interest . . . .*" 11 U.S.C. § 362(d)(1) (emphasis added). It is beyond dispute that the IRS liens encumber the levied funds in their entirety. Correspondingly, unless the Debtor provides the United States with adequate protection from dissipation of the funds during the pendency of the

stay, the stay must be lifted. Accordingly, the United States is entitled to relief from stay under § 362(d)(1).

In addition, the United States is entitled to relief pursuant to § 362(d)(2), which provides that the Court shall grant relief from the automatic stay with respect to an act against property if the debtor does not have equity in such property and such property is not necessary to an effective reorganization. Once the requesting party has established the absence of equity, the party opposing the requested relief has the burden of proof on all issues. 11 U.S.C. § 362(g); *In re: Nattchase Associates Ltd. P'ship*, 178 B.R. 409, 416 (Bankr. E.D. Va. 1994); *In re Diplomat Elec. Corp.*, 82 B.R. 688 (Bankr. S.D. N.Y. 1988). Relief is also appropriate under § 362(d)(2). The United States seeks to enforce a levy against property of the Debtor, in which the Debtor holds no equity. The burden is now upon of the Debtor to demonstrate that the property is necessary for an effective reorganization. Given the outcome of the Debtor's previous three prior Chapter 11 cases, this will be a high hurdle for the Debtor to cross.

In addition, the automatic stay should be lifted for cause due to the Debtor's bad faith. "Filing a bankruptcy petition in 'bad faith' is sufficient cause for relief from the automatic stay pursuant to section 362(d)(1)." *In re Lippolis* 228 B.R. 106, 111-113 (E.D. Pa. 1998)("It is undisputed that the sole reason for Debtors bankruptcy was to invoke the automatic stay and prevent the scheduled Sheriff's Sale. This is an abuse of the bankruptcy process which will not be tolerated."). Accord, *Carolin Corp. v. Miller,* 886 F.2d 693, 699 (4th Cir. 1989)("§ 362(d)(1)'s 'for cause' language authorizes the court to determine whether, with respect to the interests of a creditor seeking relief, a debtor has sought the protection of the automatic stay in good faith.");

7

*In re Manley Toys Ltd.*, 2020 WL 1580244, at *5 (Bankr. D.N.J. 2020); *In re Laguna Associates Ltd. Partnership,* 30 F.3d 734, 737 -738 (6th Cir. 1994).

A debtor who has filed serial bankruptcy petitions is not acting in good faith, unless the debtor can show changed circumstances. *In re Pike*, 258 B.R. 876, 881 (Bankr. S.D. Ohio 2001) (A debtor "who makes serial filings in order to obtain the protections of the automatic stay in order to delay or thwart creditor action, while refusing to fulfill the duties imposed by the Code" is not entitled to the protections of the Bankruptcy Code); *In re Patton*, 2009 WL 2905750 (Bankr. E.D. Pa. April 17, 2009) ("Serial or successive bankruptcy filings may be evidence of misuse of the bankruptcy process, intended only to forestall the foreclosure effect of a secured creditor, and, therefore, not filed in good faith."). Simply wanting to forestall collection is not a sufficient reason or change in circumstance. *Id*. Moreover, the debtor utilizing serial filings bears the burden of demonstrating a change in material circumstances. *Id.,* page 2.

Here, the Debtor's serial bankruptcy filings evidences that it is misusing the bankruptcy process. The Debtor's three prior bankruptcies have all been summarily dismissed because the Debtor failed to comply with the most basic obligations contained in the Bankruptcy Code. The Debtor's current bankruptcy is no different. At the time of filing of this motion, the Debtor has failed to file schedules, a statement of financial affairs, a summary of assets and liabilities and certain statistical information. In addition, the Debtor has, once again, improperly filed a Chapter 11 proceeding without counsel. *See,* Local Bankruptcy Rule 2090-1.

Moreover, the Debtor has failed to timely file over two years of Federal withholding tax returns. The filing of tax returns has long been determined to be an essential element of the

equitable relief afforded by the bankruptcy system. "Tax returns are essential to the orderly administration of the debtors' estate, and necessary for the debtors to make a full presentation of their financial affairs . . . " *Lubman v. Hall*, 174 B.R. 210, 215 (Bankr. E.D. Va. 1994)(debtors denied a discharge pursuant to 11 U.S.C. §727(a)(3) due to their failure to file tax returns). Bankruptcy is an equitable remedy where honest debtors are provided a 'fresh start' through discharge of their debts. *In re Farouki*, 133 B.R. 769, 776 (Bankr. E.D. Va. 1991)(complete disclosure of financial affairs is fundamental to the concept that discharge is only available to totally open and honest debtors), *aff'd sub nom.*, *Farouki v. Emirates Bank International, Ltd*, 14 F.3d 244 (4th Cir. 1994); *Morimoto v. United States*, 171 B.R. 85, 86 (9th Cir. BAP 1994)(holding that "[n]one of the provisions of the Bankruptcy Code exempt a debtor from the requirements of the Internal Revenue Code that an individual must file federal income tax returns regarding any earned wages."); *In re Hahn*, 200 B.R. 249 (Bankr. M.D. Fla. 1996).

    The Court should not allow the Debtor to continue to impede the collection of its employment tax liabilities by allowing it to hide within the protections of the automatic stay through the filing of successive "bare bones" Chapter 11 bankruptcies. The Court should lift the automatic stay to allow the United States to proceed with its levies upon fully encumbered cash collateral.

CONCLUSION

For the foregoing reasons, the United States respectfully requests its Motion be granted.

Date: September 27, 2021

                                    Respectfully submitted,

                                    RAJ PAREKH
                                  ACTING UNITED STATES ATTORNEY

        By:    /s/ Robert K. Coulter
                                  Robert K. Coulter
                                  Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The following persons are identified as receiving notices in this matter.

- John P. Fitzgerald, III    ustpregion04.ax.ecf@usdoj.gov

I further certify that true and correct copies of the foregoing are being served upon the following using the U.S. Postal Service, postage prepaid, as follows:

Samuel Palomino
7140 Taylor Road
Falls Church, VA 22043

S. P. Trucking LLC
7140 Taylor Road
Falls Church, VA 22043

Virginia Department of Motor Vehicles
Motor Carrier Services
P.O. Box 27412
Richmond, VA 23269

Fairfax County DTA
12000 Government Center Parkway
Suite 223
Fairfax, Virginia 22035

American Express
PO Box 20020
Columbus OH 43220

Capital One, N.A.
PO Box 9033
Melville, NY 11747

Date:    September 27, 2021

/s/ Robert K. Coulter
Robert K. Coulter